UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARRA M. LAWSON and MELISSA LAWSON,

                        Plaintiffs

        -against-                                      ORDER

                                                           02-CV-1495 (ILG)

NEW YORK BILLIARDS CORP. d/b/a CHELSEA
BAR & BILLIARDS, LOUIS PALOUBIS and
ARISTOTLE HATZIGEORGIOU,

                        Defendants.
------------------------------------------------------------------x

GLASSER, United States District Judge:

      Pending before the Court are plaintiffs' application for an adjournment of the trial date currently scheduled for May 16, 2005 at 10:00 am and request for clarification whether this Court's memorandum and order dated August 10, 2004, familiarity with which is assumed, see Lawson v. New York Billiards Corp., 331 F. Supp. 2d 121 (E.D.N.Y. 2004), dismissed plaintiff Melissa Lawson's claim for loss of consortium, the sixth cause of action in the complaint. The Court's prior decision granted in part and denied in part defendants' motion for summary judgment.

      Plaintiffs recently retained new counsel who has requested a brief adjournment of the trial date to enable her to prepare adequately for trial. Against this background, and because defendants' counsel consents to the application, the trial date is adjourned until June 27, 2005 at 10:00 am. The parties' pre-trial submissions shall be filed electronically on or before two weeks prior to the trial date, with courtesy copies provided to Chambers.

      Defendants object to plaintiffs' "request to reinstate the plaintiff Melissa Lawson's claim

1

for loss of consortium." (Letter from Caroline Papadatos dated April 29, 2005). Defendants do not offer any support for their position. It is well-established under New York law that where a malicious prosecution claim survives summary judgment, the derivative claim by the spouse for loss of consortium also survives. See, e.g., Jenks v. City of New York, 1992 WL 147647, at * 9 (S.D.N.Y. June 15, 1992) ("Since loss of consortium is a derivative claim, it can only survive if one of [plaintiff's] spouse's claims is viable"). Accordingly, the court's prior decision is clarified to hold that defendants' summary judgment motion is denied with respect to plaintiff Melissa Lawson's claim for loss of consortium.

SO ORDERED.

Dated: May 2, 2005
      Brooklyn, New York

_____/s/_____
I. Leo Glasser
United States District Court Judge

Copies of the foregoing were sent on this day to:

Phyllis Gelman
Gelman & Feinberg
60 East 42nd Street, Suite 1060
New York, New York 10165

Attorneys for Plaintiffs

Caroline Papadatos
Law Office of Vincent P. Crisci
17 State Street, 8th Floor
New York, New York 10004

Attorneys for Defendants